THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* KAREN HESS, Defendant.

Police Justice's Court, Village of Amityville, October 3, 1950.

*Lindsay R. Henry, District Attorney (Jacob Bendersky* of counsel), for plaintiff.

*Frederick K. Hackett* and *Newell G. Alford, Jr.,* for defendant and American Civil Liberties Union, *amicus curiæ.*

DELVES, J. The defendant is charged with having violated section 26 of article II of the General Ordinances of the Village of Amityville, which reads as follows:

" No person, firm, or corporation shall throw, cast or distribute in or upon any street, avenue, highway, sidewalk or public place, or any vehicle thereon, any handbills, circulars, cards or other advertising matter whatsoever.

" Any person, firm or corporation violating any provision of this Section shall for each offense be liable for and forfeit and pay a penalty of not to exceed Twenty Five Dollars ($25.00)."

The testimony that defendant did actually pass one circular is not denied. The contents of the circular may be summarized as political in nature and the circular was prepared by or at the instance of the American Labor Party. At the conclusion of the trial the defendant moved to dismiss the information on the grounds (1) that the ordinance does not apply to defendant's admitted distribution of noncommercial, nonadvertising leaflets, and (2) that, if the ordinance did so apply, it would be unconstitutional as violative of section 8 of article I of the Constitution of the State of New York and the First and Fourteenth Amendments of the United States Constitution.

No claim is made that the circular in question is commercial advertising matter; hence, to find defendant guilty it is necessary to determine whether the ordinance applies to noncommercial leaflets, and if so, whether it thereby violates the individual liberties secured by the Federal and State Constitutions.

A review of the authorities indicates clearly that while a municipality may, in exercise of its police powers, enact ordinances to keep the streets open and clear, and to insure public safety, health and convenience, such ordinances cannot abridge the constitutional guarantees of freedom of speech and press by prohibiting a person lawfully upon the streets to impart

information or opinion either through speech or by the distribution of literature. These constitutional guarantees, however, are not unlimited. Such activities may not be carried on in such a manner as to result in littering of the streets or sidewalks, blocking of traffic, or other violation of the law. The record in this case is barren of any testimony showing such other violation.

An ordinance almost identical in content was held to be inapplicable to the distribution of circulars by the National Association for the Advancement of Colored People, entitled " Stop the Ku Klux Propaganda in New York ", in the case of *People* v. *Johnson* (117 Misc. 133 [1921]). The court set forth the text of section 15 of article 2 of chapter 22 of the Code of Ordinances of the City of New York at page 134 of its opinion: " ' No person shall throw, cast or distribute, or cause to be thrown, cast or distributed, any handbill, circular, card or other advertising matter whatsoever, in or upon any street or public place, or in a front yard or court yard, or on any stoop, or in the vestibule or any hall of any building, or in a letterbox therein; provided that nothing herein contained shall be deemed to prohibit or otherwise regulate the delivery of any such matter by the postal service.' "

In holding the ordinance inapplicable, the court said, at pages 135–136:

" The primary purpose of the ordinance which it is claimed was violated by these defendants, was to prevent the littering of streets with commercial advertising, such as a merchant or shopkeeper might set forth for the purpose of aiding the sale of purchasable commodities. The ordinance within reasonable limits is a proper one, and should be sustained, but no city ordinance, no matter how worthy its intendment, should be permitted in any way to curtail any of the fundamental rights of the citizen.

" The circular in question was a protest against what was believed to be a movement which encouraged discrimination against certain classes of citizens because of race, color or religious beliefs, and whether or not there was a sound basis for that belief, they were within their rights in making public their protest against such a movement, and to make known their protest they used possibly the only means available by the distribution of circulars and pamphlets to the public."

In the recent case of *Martin* v. *City of Struthers* (319 U. S. 141), the defendant was charged with violation of an ordinance which prohibited any person distributing handbills, circulars,

or other advertisements to ring the doorbell, sound the door knocker, or otherwise summon the inmate or inmates of any residence to the door for the purpose of receiving such handbills, circulars or other advertisements. In holding the ordinance unconstitutional, the United States Supreme Court said in part (pp. 146–147) : '' Freedom to distribute information to every citizen wherever he desires to receive it is so clearly vital to the preservation of a free society that, putting aside reasonable police and health regulations of time and manners of distribution, it must be fully preserved.'' (See, also, *Schneider* v. *State of New Jersey,* 308 U. S. 147.)

Clearly, if the ordinance in question applies to other than advertising matter, it is unconstitutional. There was no evidence as to the intent of the Amityville village board at the time the ordinance was enacted, but it cannot be assumed that the village board intended to enact an ordinance which would be in violation of constitutional rights. As our own Court of Appeals stated in the case of *People* v. *Barber* (289 N. Y. 378, 385) : '' We may not impute to a legislative body an intent to adopt a statute or ordinance which might be used as an instrument for the destruction of a right guaranteed by the Constitution which executive and legislative officers of government, no less than judges, are sworn to maintain. For that reason an ordinance or statute should be construed when possible in manner which would remove doubt of its constitutionality, and possible danger that it might be used to restrain or burden freedom of worship or freedom of speech and press.''

I, therefore, conclude that the village ordinance under which defendant is charged, applies only to advertising material. Were it otherwise, the distribution of election campaign material or during drives for such worthy causes as infantile paralysis, cancer and a host of others, would likewise be punishable under this ordinance.