Abraham Schlissel, J.
Defendant is here charged with a violation of section 6-601 (ch. 6, art. 6) of the Municipal Code of the City of Long Beach, through distribution of a handbill assertedly intended to bring to the attention of the people of that city a controversy between its hospital and a union. He resists such charge by attacking the constitutionality of the ordinance.
It is therefore noted that this court is presently concerned only with the constitutional question thus presented; whether the statements made in said handbill are true or false is not now before this court; if they be false redress is available. It is also noteworthy that this court cannot inquire and has not inquired into the sincerity of defendant’s motivation which is not here in issue.
The ordinance thus involved provides under the caption ‘ ‘ Distribution of Handbills and Printed Matter ” that: “ No person or persons, firm or firms, or corporation or corporations shall distribute upon any of the streets, highways, public places, boardwalk or Ocean Beach Park, within the City of Long Beach any show-bills or handbills whatsoever, printed or written notice or notices or advertisement of any kind whatsoever, leaflets or the like, or attach anything whatsoever of such character to any tree, pump, hydrant, telegraph, telephone or electric light pole within the said City except legal notice or notices and rules amended or adopted or enacted by the Council of the said City and posted by order of said Council.”
Section 6-707 of the code makes violation of the provisions above quoted a misdemeanor punishable by fine.
Defendant’s main reliance here is upon the so-called handbill cases such as Lovell v. City of Griffin (303 U. S. 444) and Schneider v. State (308 U. S. 147). The People attempt to distinguish the instant ordinance and the present situation from those construed and struck down by the United States Supreme Court and argue further that the handbill here under consideration constituted advertising matter whose distribution could validly be regulated (People v. La Rollo, 24 N. Y. S. 2d 350; People v. Hess, 198 Misc. 913).
It seems to this court that the People’s effort to equate defendant’s distribution of the handbill here involved with a merchant’s efforts to vend his merchandise has been effectively frustrated by the decision of the Supreme Court of the United States in Thornhill v. Alabama (310 U. S. 88, 101).
*773 In Thornhill the court declared (pp. 101-103) that “ freedom of speech and of the press guaranteed by the Constitution embraces at least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment. * * *
“In the circumstances of our times the dissemination of information concerning the facts of a labor dispute must be regarded as within that area of free discussion that is guaranteed by the Constitution * * # Free discussion concerning the conditions in industry and the causes of labor disputes appears to us indispensable to the effective and intelligent use of the processes of popular government to shape the destiny of modern industrial society.”
It is to be noted, too, that to the extent that it Avould interfere with freedom of speech and of the press, this ordinance is clearly violative of section 8 of article I of our State Constitution.
In People v. La Rollo (supra, p. 351) the provision of the New York City Sanitary Code there under consideration expressly stated that it was ‘ ‘ not intended to prevent the lawful distribution of anything other than commercial and business advertising matter.” It there appeared, through the People’s uncontradicted evidence, that defendants had been observed ‘ ‘ distributing distinctly commercial advertising circulars on the public streets ”.
The scope of the ordinance here under review is far broader than was that of section 318 of the Sanitary Code construed in La Rollo. There, as above noted, the interdiction against distribution was expressly limited to “ commercial and business advertising matter here it is sought to prevent the distribution of not only “ advertisement of any kind Avhatsoever ” but also of “ any show-bills or handbills whatsoever ” as Avell as of “ leaflets or the like ”.
According to accepted dictionary definition a ‘ ‘ handbill ’ ’ is “a loose printed sheet to be distributed by hand” and a “ leaflet ” is “a sheet of small pages Avhich are folded, but not stitched, a folder. ’ ’
While it is true that a handbill is frequently used as a medium of advertising this is not inevitably so nor is a leaflet necessarily so employed.
In the situation at bar the court is convinced that the handbill Avhich defendant was distributing and with whose circulation he is here charged was not a piece of advertising or commercial matter but, as the People’s memorandum of law itself recognizes, pertained to a labor dispute between a union (with which defendant is identified) and a local institution and expressed the union’s *774 effort to call the attention of the citizens of Long Beach to conditions allegedly existing in their hospital.
Since this court rejects the efforts of the People to draw a parallel between the attempt made by this handbill to lay before the residents of the City of Long Beach the union’s side of its controversy with the affected local institution and a merchant’s attempt to sing the praises of his product, it holds that cases like La Bollo and Hess (both supra) are of neither aid nor comfort to the People.
It seems to this court that the ordinance here under analysis is indistinguishable, in either language or purpose, from the four under consideration in and condemned by Schneider v. State (308 U. S. 147, supra). There the Supreme Court considered and, in a single opinion, reviewed and overthrew four municipal ordinances: (a) The first (p. 154), a provision of the Los Angeles Municipal Code, prohibited the distribution of “ any hand-bill to or among pedestrians along or upon any street, sidewalk or park ” and defined “ hand-bill ” as meaning “ any hand-bill, dodger, commercial advertising circular, folder, booklet, letter, card, pamphlet, sheet, poster, sticker, banner, notice or other written, printed or painted matter calculated to attract attention of the public.” There defendant was charged with distributing a handbill calling attention to a meeting to be held under the auspices of “Friends Lincoln Brigade.” (b) Secondly, a Milwaukee resident was charged with distributing, in violation of an ordinance of that city, a handbill which pertained to a labor dispute with a meat market and set forth organized labor’s position with respect thereto. There, too, the ordinance (p. 155) made it unlawful “to circulate or distribute any circular, hand-bills, cards, posters, dodgers, or other printed or advertising matter * * # in or upon any sidewalk ”. (c) The third, a Worcester, Mass., ordinance (p. 156) forbade distribution of “ any placard, handbill, flyer, poster, advertisement or paper of any description ” and defendant was charged with distributing a leaflet announcing a protest meeting in connection with the administration of State unemployment insurance, (d) Finally, the offense charged was canvassing by defendant, a member of the Watch Tower Bible and Tract Society, who sought to interest residents of Irvington, New Jersey, in the activities and preachings of that society. There the ordinance (p. 157) provided that no person shall (except as therein authorized) “ canvass, solicit, distribute circulars, or other matter ’ ’.
In an opinion written by Mr. Justice Roberts and concurred in by 7 of the 8 other Justices the four convictions under review *775 were reversed and the four ordinances held unconstitutional insofar as same undertook to enjoin the several activities there under consideration.
In a stirring statement of principle which is so apposite here that extensive quotation therefrom appears appropriate the highest court of our nation declared (pp. 160-164): [quotation not included in opinion for publication].
Upon the basis of both reason and authority this court concludes that, as to the handbill here involved and under the circumstances here under consideration, the ordinance relied upon by the People is inescapably unconstitutional. That it may conceivably be valid with respect to other literature and under other circumstances does not save it here. This court does not hold and the present opinion must not be read as holding that commercial solicitation and distribution of distinctly advertising materials may not be subjected to reasonable control; what the court does decide is that the instant prosecution may not be successfully maintained for, as to this handbill and this defendant, the ordinance is patently interdicted by our Federal and State Constitutions.
The information is accordingly dismissed.