PEOPLE OF THE STATE OF NEW YORK *v.* KATHRYN JOHNSON et al., Appellants.

(Court of General Sessions of the Peace in and for the County of New York, November, 1921.)

**Constitutional law — city ordinances — when distribution of hand-bills not illegal — Constitution of State, art. I, § 8 — Code of Ordinances of the city of New York, § 15, art. 2, chap. 22.**

> While a city ordinance, within reasonable limits, is proper and should be sustained, no such ordinance, no matter how worthy its intendment, should be permitted in any way to curtail any of the fundamental rights of the citizen.
>
> Where the only evidence to sustain a conviction for a violation of section 15, art. 2, chap. 22 of the Code of Ordinances of the city of New York declaring that "No person shall throw, cast or distribute * * * any handbill, circular or other advertising matter whatsoever," etc., was the testimony of the police officers making the arrest, to the effect that defendants were handing out in front of a theatre circulars entitled "Stop the Ku Klux Propaganda in New York" which were an appeal to the public not to encourage what it was claimed was an effort to glorify through the medium of a moving picture the activities of an organization having for its primary purpose the stirring up of prejudices and animosities against certain races and religions, the conviction will be reversed and the complaint dismissed upon the ground that the defendants in making such public protest were acting within their constitutional rights. (Const. of State, art. I, § 8.)

APPEAL from judgment of the City Magistrate's Court, borough of Manhattan, city of New York, convicting defendants of violation of city ordinance.

Edward Swann, district attorney (Felix C. Benvenga, of counsel), for People.

Aiken A. Pope, for defendants.

TALLEY, J.   This is an appeal by the defendants from a judgment of the City Magistrate's Court, borough of Manhattan, convicting them of a violation of section 15, article 2, chapter 22, of the Code of Ordinances of the City of New York, which reads as follows: '' No person shall throw, cast or distribute, or cause to be thrown, cast or distributed, any hand-bill, circular, card or other advertising matter what-soever, in or upon any street or public place, or in a front yard or court yard, or on any stoop, or in the vestibule or any hall of any building, or in a let-terbox therein; provided that nothing herein con-tained shall be deemed to prohibit or otherwise regu-late the delivery of any such matter by the postal service.'' ·

The defendants were placed under arrest in front of a theatre, and the evidence was that police officers had observed the defendants handing out circulars.

It was not charged that there was any disorder, and there is no other question presented in this case except this: Did the defendants violate the ordi-nance in question by peaceably distributing circulars upon the night in question?

At the time of the arrest of the defendants a mov-ing picture was being exhibited in the theatre in question, which it is claimed exalted the activities of an organization known as the Ku Klux Klan. At the time of the arrest of the defendants in question, the daily press of this city was devoting considerable space to the announcements made by an organization bearing the same name of its revival and reorganiza-tion throughout the country. The circular which the defendants were distributing bore the announcement that it was published by the '' National Association for the Advancement of Colored People,'' and the defendants were acting as agents of that association.

The paper which they distributed was entitled, '' Stop the Ku Klux Propaganda in New York,'' and was an appeal to the public not to encourage what, it was claimed, was an effort to glorify through the medium of a moving picture the activities of an organization which, it was asserted, had for its primary purpose the stirring up of prejudices and animosities against certain races and religions in this country.

In the opinion of this court, the defendants were well within their rights in distributing the circulars in question, and the complaint against them should have been dismissed.   I hold that the ordinance in question was never intended to prevent the lawful distribution of anything other than commercial and business advertising matter, and the circular in question does not come within that category.   It would be a dangerous and un-American thing to sustain an interpretation of a city ordinance which would prohibit the free distribution by a body of citizens of a pamphlet setting forth their views against what they believed to be a movement subversive of their rights as citizens.   The Constitution of the State of New York, article I, section 8, provides that '' Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press.''

The primary purpose of the ordinance which it is claimed was violated by these defendants, was to prevent the littering of streets with commercial advertising, such as a merchant or shopkeeper might send forth for the purpose of aiding the sale of purchasable commodities.   The ordinance within reasonable limits is a proper one, and should be sustained, but no city ordinance, no matter how worthy its intend-

ment, should be permitted in any way to curtail any of the fundamental rights of the citizen.

The circular in question was a protest against what was believed to be a movement which encouraged discrimination against certain classes of citizens because of race, color or religious beliefs, and whether or not there was a sound basis for that belief, they were within their rights in making public their protest against such a movement, and to make known their protest they used possibly the only means available by the distribution of circulars and pamphlets to the public.

The judgment of the magistrate herein is reversed, and the complaint against the defendants dismissed.

Judgment reversed.