## ACUFF v. MUELLER et al.
### No. 403.

United States District Court
W. D. Missouri, Central Division.
Oct. 10, 1950.

Carll V. Kretsinger, Kansas City, Mo., M. Ward Bailey, of Christopher & Bailey, Fort Worth, Tex., for plaintiff.

John W. Goodin, Jefferson City, Mo., for defendants.

Whitman, Ransom, Coulson & Goetz, New York City, for National Association of Magazine Publishers, Inc., as amicus curiae.

REEVES, Chief Judge.

This cause has been submitted upon an agreed stipulation of facts. Upon such statement the question for decision is whether an ordinance of Jefferson City, Missouri, contains regulations violative of

sundry provisions of the national Constitution relating to the regulation of commerce, article 1, § 8, cl. 3, and the First Amendment vouchsafing freedom of speech and the press.

The facts, briefly stated, are:

That the plaintiff is a resident of Texas, and, " * * * earns his living and engages in business by employing crews of agents and solicitors and soliciting persons in office and business buildings and from house to house to subscribe to and purchase through himself and through said agents and employees various magazines and periodicals for future delivery to the purchaser thereof, or to some other person at a subsequent time; * * *." It was agreed, moreover, that the said various magazines and periodicals are published in states other than Missouri and are shipped or mailed in interstate commerce to the subject or to the person designated by the subscriber, and that the magazines specified were such as American Home, Cosmopolitan, Esquire, Good Housekeeping, Look, McCall, News Week, Red Book, and Christian Herald.

The City of Jefferson City, Missouri, has an Ordinance duly and regularly enacted by its proper officials being numbered 5025, and entitled "An Ordinance Defining, Regulating and Licensing Solicitors and Canvassers and Providing Penalties for the Violation Thereof."

This Ordinance was passed March 1, 1948 and approved March 4, 1948. By Section 1 of the Ordinance it is made unlawful: " * * * for any solicitor or canvasser as defined in Section 2 of this ordinance to engage in such business within the corporate limits of the City of Jefferson without first obtaining a permit and license therefor in compliance with the provisions of this ordinance." Adverting to Section 2, which is entitled "Definition," "A canvasser or solicitor is defined as any individual, whether resident of the City of Jefferson or not, traveling either by foot, wagon, automobile, motor truck, or any other type of conveyance, from place to place, from house to house, or from street to street, taking or attempting to take orders for sale of goods, wares and merchandise, personal property of any nature whatsoever for future delivery, or for services to be furnished or performed in the future, whether or not such individual has, carries or exposes for sale a sample of the subject of such sale or whether he is collecting advance payments on such sales or not, * * *." It is then provided by Section 3 that an applicant for such license or permit must file: "a sworn application in writing (in duplicate) on a form to be furnished by the License Inspector, which shall give the following information: * * *."

Much detail is required in filing such application. The applicant is charged a fee of $1. If, upon investigation, as provided in the Ordinance (Sections 4 and 5), the applicant shall be found worthy, a fee of $3 per day, $30 per month, or $75 per year is required. In addition to this, Section 6 requires the licensee to give bond in the sum of $1000, with acceptable surety, " * * * conditioned that the said applicant shall comply fully with all the provisions of the ordinances of the City of Jefferson and the statutes of the State of Missouri regulating and concerning the business of solicitor and guaranteeing to any citizen of the City of Jefferson that all money paid as a down payment will be accounted for and applied according to the representations of the solicitor and further guaranteeing to any citizen of the City of Jefferson doing business with said solicitor, that the property purchased will be delivered according to the representations of said solicitor. Action on such bond may be brought in the name of the City to the use or benefit of the aggrieved person."

Sections 7 and 8 of said Ordinance require the wearing of a badge issued by proper authority, and that an agent or licensee exhibit this permit or license upon request.

In the event of a denial of a license because of the assessment of fees, the applicant is afforded the right of appeal to the Mayor and the City Council, which body shall at a stated time hear such appeal.

Moreover, it is provided by Section 5(c) of said Ordinance that: "None of the license fees provided for by this ordinance shall be so applied as to occasion an undue

burden upon interstate commerce. In any case where a license fee is believed by a licensee or applicant for license to place an undue burden upon such commerce, he may apply to the Mayor for an adjustment of the fee so that it shall not be discriminatory, unreasonable, or unfair as to such commerce." Upon such application the Mayor of the city shall hold a hearing and conduct an inquiry as to the propriety of such fees.

From the stipulation of facts it appears that the plaintiff undertook to carry on his business, as above described, in the City of Jefferson City, Missouri, but declined to apply for a license or to obtain a permit as required by said Ordinance, or to comply in any way with said Ordinance. By such failure he subjected himself and his solicitors to arrest by the enforcement officer of said city. Plaintiff offered at the time, and now agrees to furnish the authorities all information required by said Ordinance. But plaintiff complains that the licensing fees are exorbitant and would not only interfere with freedom of speech, but would place an undue burden upon interstate commerce.

These will be noticed.

■■ 1. It is to be observed that the Ordinance under consideration is purely a commercial one. It exacts fees for solicitors and canvassers without regard to the question whether they are residents or non-residents, and whether engaged in interstate or intrastate commerce. It in no way refers to publications, but, even so, as said by the Supreme Court, in Jamison v. State of Texas, 318 U.S. 413, loc. cit. 417, 63 S.Ct. 669, 672, 87 L.Ed. 869: "The state can prohibit the use of the street for the distribution of purely commercial leaflets, even though such leaflets may have 'a civic appeal, or a moral platitude' appended. Valentine v. Chrestensen, 316 U.S. 52, 55, 62 S.Ct. 920, 922, 86 L.Ed. 1262." Even religious theories are not exempt under such circumstances.

In Jones v. City of Opelika, 316 U.S. 584, loc. cit. 597, 62 S.Ct. 1231 loc. cit. 1239, 86 L.Ed. 1691, 141 A.L.R. 514, it was there said: "When proponents of religious or social theories use the ordinary commercial methods of sales of articles to raise propaganda funds, it is a natural and proper exercise of the power of the state to charge reasonable fees for the privilege of canvassing." How much greater is the propriety as in this case where the city undertakes to tax purely commercial transactions. Reference is made to the distribution of religious leaflets because counsel cited such cases in their briefs. The Ordinance in question does not, in any way, undertake to interfere with any form of religious evangelism.

■■ 2. Over and over the courts have held that nondiscriminatory taxation of the instrumentalities of interstate commerce is not prohibited. McGoldrick v. Berwind-White Co., 309 U.S. 33, loc. cit. 45, 60 S.Ct. 388, loc. cit. 391, 84 L.Ed. 565, 128 A.L.R. 876, where the court said: ."It is only when the tax operates to regulate commerce between the states or with foreign nations to an extent which infringes the authority conferred upon Congress, that the tax can be said to exceed constitutional limitations." Again, the court said, 309 U.S. loc. cit. 45, 60 S.Ct. loc. cit. 391: "Forms of state taxation whose tendency is to prohibit the commerce or place it at a disadvantage as compared or in competition with intrastate commerce and any state tax which discriminates against the commerce, are familiar examples of the exercise of state taxing power in an unconstitutional manner, because. of its obvious regulatory effect upon commerce between the states." Clearly there is not such a situation presented here.

In the case of Nippert v. City of Richmond, 327 U.S. 416, loc. cit. 425, 66 S.Ct. 586, loc. cit. 590, 90 L.Ed. 760, 162 A.L.R. 844, the court significantly said: "As has been so often stated but nevertheless seems to require constant repetition, not all burdens upon commerce, *but only undue or discriminatory ones, are forbidden.* (Emphasis mine.)"

In Best & Co. v. Maxwell, 311 U.S. 454, 61 S.Ct. 334, 85 L.Ed. 275, in construing a statute, the court pointed out that the statute in question was discriminatory as against interstate commerce, or otherwise it would not have been condemned.

The Ordinance under consideration is not discriminatory.

3. Moreover, the city authorities apparently anticipated that a question, such as presented here, might arise, namely, that the Ordinance placed a burden upon interstate commerce and an administrative remedy was fully and completely outlined for any applicant or licensee who might challenge the ordinance for that reason. It is provided that an appeal might be made to the Mayor, and even to the City Council, for relief against the claimed burdens. The plaintiff therefore has his remedy. Furthermore, it is the rule that conditions precedent such as this forbid the institution of an action until there has been a compliance with such conditions or a proper excuse for non-performance of the conditions precedent. Hunter v. Am. Ry. Express Co., Mo.App., 4 S.W.2d 847; Shriver v. Woodbine Bank, 285 U.S. 467, 52 S.Ct. 430, 76 L.Ed. 884; Lucky Tiger-Combination Gold Mining Co. v. Crooks, 8 Cir., 95 F.2d 885.

No reasons were given here why the plaintiff did not resort to his administrative remedies.

Under the authorities, the plaintiff is not entitled to the relief he seeks in this action and his application for an injunction should be and will be denied.