## TERRITORY OF HAWAII *v.* JUNE Y. SCRUGGS.

## No. 4092.

ARGUED NOVEMBER 7, 1958.          DECIDED DECEMBER 15, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The defendant-plaintiff in error was charged in the circuit court of the first judicial circuit of the Territory of Hawaii with taking orders and attempting to take orders on May 1, 1958, for the sale of certain goods, wares and merchandise for future delivery, on a public street in Honolulu; that such business tended to impede and inconvenience the public in the use of the street and sidewalk, contrary to ordinance number 1401 of the City and County of Honolulu.

The defendant filed a demurrer alleging that ordinance 1401, upon which the charge was based, is invalid and defective in the following respects: (1) that it violates defendant's rights under the First and Fourteenth Amendments to the Constitution of the United States in that it is repugnant to the guarantees of freedom of speech and freedom of the press; (2) that it violates defendant's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives defendant of property without due process of law and is vague, ambiguous and uncertain, and without definite standards set forth therein; (3) that it is a violation of Article I, Section 8 of the Constitution, being in violation of the commerce clause of the Constitution; (4) that it is an arbitrary and unreasonable classification and denies the equal protection of the laws; and (5) that the ordinance does not constitute a proper exercise of the police power of the City and County of Honolulu and is not within the scope of the powers of the City and County of Honolulu.

The demurrer was overruled except as to one section only, which is not material in this proceeding, the court sustaining the validity of the remainder of the ordinance which under its terms is severable.

Trial was had jury waived and the circuit judge found defendant guilty and sentenced her to pay a fine of one hundred dollars and serve thirty days in jail, the execution of the jail sentence being suspended for thirteen months. A writ of error was brought to this court from the circuit court proceeding.

The contention that the ordinance is not within the scope and powers of the City and County so far as the legislature can grant such power is effectively answered by paragraph 2 of section 149-86 of the Revised Laws of Hawaii 1955 which, in enumerating the powers of the City and County, specifically provides as follows:

"2. Use of streets, etc. To regulate and control for any and every purpose the use of the streets, highways, public thoroughfares, public places, alleys and sidewalks of the city and county and without limitation upon the generality of such power, to regulate or prohibit the hawking, selling or vending of goods, wares, merchandise, foodstuffs, refreshments or other kinds of property or services thereon."

That no one has any inherent right to use the streets and highways as a place of business and that municipalities may make reasonable regulations to prevent unnecessary obstructions to traffic is too well settled to need any extensive discussion of authorities. To mention only a few of the many cases dealing with the propriety and constitutionality of such regulation:

*Ex Parte Mares,* 171 P. (2d) 762, upheld an ordinance, similar to the one before this court, prohibiting the solicitation and sale of magazines or tangible property for future delivery.

*Pittsford* v. *City of Los Angeles,* 50 Cal. App. (2d) 25, 32, 122 P. (2d) 535, 538, stated: "The place for the conduct of a private business is upon private property; and it has been said that there is no vested right to do business upon the public streets."

"It is well established law that the highways of the state are public property; * * * and that their use for purposes of gain is special and extraordinary, which, generally at least, the legislature

may prohibit or condition as it sees fit [citation]." (*Stephenson* v. *Binford*, 287 U. S. 251, 264, 53 S. Ct. 181, 184, 77 L. Ed. 288, 294, 87 A. L. R. 721.)

"Use of a public street for private enterprise may under some circumstances redound to the public good; but nevertheless it is a special privilege peculiarly subject to regulation, and one which may be granted on reasonable terms or entirely withheld [citations]." (*People* v. *Galena*, 24 Cal. App. Supp. [2d] 770, 775, 70 P. [2d] 724, 727.)

*City of Chicago* v. *Rhine*, 2 N. E. (2d) 905, prohibited the sale, solicitation, etc., specifically defined the areas of the city in which such solicitation was banned; in upholding the validity of the statute the court took judicial notice of the congestion existing in the areas covered by the ordinance. The ordinance was aimed at indiscriminate sale of merchandise which tended to impede and obstruct traffic. One portion of the syllabus in this case reads as follows:

"Basic purpose of a street is to afford a way for traffic, both pedestrian and vehicular, to public, and public is rightfully entitled to use of such thoroughfare free of all obstructions and impedimenta which tend to delay or obstruct traffic or annoy public in use of streets."

Another portion states:

"Even though Supreme Court might not agree with judgment of municipal body in passing ordinance prohibiting sale of articles on streets in specified congested districts where ordinance was within powers granted municipality, Supreme Court could not disturb ordinance unless clearly unreasonable."

*Valentine* v. *Chrestensen*, 316 U. S. 52, held that a municipal ordinance forbidding the distribution in the streets of printed handbills bearing commercial advertising matter was not an unconstitutional abridgement of the freedom of the press and of speech.

See also 25 American Jurisprudence, *Highways*, section 192, page 491, and cases cited.

While the ordinance before us is inartistically drawn, it is at least as to that portion involved in this case valid and does not

violate the constitutional provisions raised. It would be much simpler to follow the terms of the Chicago ordinance and absolutely prohibit sales, solicitations, etc., in specially defined areas of the city which are congested areas rather than to attempt to provide that the solicitation complained of did, as a matter of fact, impede and obstruct traffic.

In this connection, the contention is made that the Territory failed to prove a violation of this ordinance.

A private in the United States Army testified that the defendant stopped him on a street in Honolulu (afterwards identified as the makai side of Hotel street between Fort and Union) and engaged him in conversation for about ten minutes in an attempt to get him to subscribe to a magazine. Soon thereafter a police officer came up and placed defendant under arrest and secured from him a receipt which defendant had just given him.

The police officer, Kasparovitch, testified he noticed several persons stopped where the defendant was standing in order to let other pedestrians proceeding in the opposite direction go by. The defendant was standing near the wall on the edge of the street and the soldier some foot and a half from her; that the sidewalk was about six feet wide and there was considerable traffic.

Even without this testimony, we believe the court could take judicial notice that the sidewalks (and streets) in downtown Honolulu are very narrow (see *City of Chicago* v. *Rhine, supra*); that if a portion of the narrow sidewalk is blocked by solicitors trying to sell pedestrians magazine subscriptions, it is rather obvious that with any considerable amount of traffic such would tend to obstruct the free movement of pedestrians. The court below so found that defendant by her solicitation of subscriptions did tend to block traffic. There is sufficient evidence to support the lower court's finding.

Affirmed.

*Hyman M. Greenstein* (*Robert A. Franklin* with him on the brief) for plaintiff in error.

*Ton Seek Pai,* Assistant Public Prosecutor (also on the brief), for defendant in error.