Robert BOSCIA, Plaintiff,

v.

Robert WARREN et al., Defendants.

Civ. A. No. 73-C-203.

United States District Court,
E. D. Wisconsin.

June 19, 1973.

Gary A. Gerlach, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Atty, Gen., and Charles R. Larsen, Ass. Atty. Gen., Madison, Wis., for defendant Robert Warren.

James B. Brennan, City Atty., by Roch Carter, Asst. City Atty., Milwaukee, Wis., for defendants Harold Breier and City of Milwaukee.

E. Michael McCann, Dist. Atty., Milwaukee, Wis., pro se.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff operates a tavern in the City of Milwaukee. He holds a combination Class B fermented malt beverage and liquor license which was granted by the defendant City of Milwaukee. The license states that the tavern is named "The Zodiac" but plaintiff alleges that his customers have always referred to the premises as "The Saloon." Plaintiff has used the word "Saloon" on signs and advertised his tavern as "The Saloon." This practice violates Wisconsin Statutes § 66.054(9)(f) which reads:

> "No person licensed under this section shall use the word 'saloon' upon any sign or advertising or as a designation of any premises in or upon which fermented malt beverages are sold or kept for sale."

This action is brought pursuant to 42 U.S.C. § 1983, alleges § 66.054(9)(f) violates plaintiff's rights protected by the First, Ninth, and Fourteenth Amendments, and seeks declaratory and injunctive relief. It is before me now on plaintiff's motion for a temporary restraining order.

■ I am denying plaintiff's motion and am dismissing the action because the constitutional claim is insubstantial. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); cf. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed. 2d 512 (1962). The challenge to the constitutionality of the statute is three-prong. First, plaintiff's right to call his tavern "The Saloon" is protected by the First Amendment. Second, the law in question is so arbitrary and irrational it violates the Fourteenth and/or the Ninth Amendments. Finally, it violates the equal protection clause of the Fourteenth Amendment by placing a restriction on holders of Class B liquor licenses which is not placed on nonlicensees.

■ Plaintiff's First Amendment claims are insubstantial for two reasons.

First, commercial expression is generally not protected by the First Amendment, Valentine v. Chrestensen, 316 U.S. 52, 62 S.Ct. 920, 86 L.Ed. 1262 (1942), and second, state regulations in the context of liquor distribution enjoy a strong presumption of validity because of the Twenty-first Amendment. California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

■■ Plaintiff also claims the statute is void because it bears no rational relationship to any valid state interest. It is not clear what the constitutional basis is for voiding arbitrary laws. However, whether it is based on the Ninth Amendment, the substantive rights approach to the due process clause of the Fourteenth Amendment, or the penumbral right to privacy which emanates from the overall constitutional scheme, one fact has emerged from those cases voiding arbitrary laws. The right invaded by the law must be fundamental and the invasion must be substantial. See, e. g., Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) (Harlan, J., dissenting); Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L. Ed. 1070 (1925); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). The right to call one's tavern a "saloon" is not fundamental.

■ To succeed in his claim that § 66.054(9)(f) violates the equal protection clause, plaintiff had to satisfy one of two criteria. First, he had to establish that the classification is "suspect," which is clearly not so. The state may certainly distinguish between liquor licensees and nonlicensees. Having failed to satisfy that criterion, plaintiff had to show that the class, liquor licensees, is being denied a "fundamental" right. See Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942). As I have already stated, I do not think the right involved here is fundamental.

For the above reasons,

It is ordered that the plaintiff's motion for a temporary restraining order be and it hereby is denied.

It is further ordered that this action be and it hereby is dismissed for lack of jurisdiction because the complaint fails to raise a substantial federal question.