**Neil ABERCROMBIE, Plaintiff,**

v.

**John A. BURNS, Governor of the State of Hawaii, and Yasu Arakaki, Chairman, Campaign Spending Commission, State of Hawaii, Defendants.**

**Civ. No. 74–18.**

United States District Court,
D. Hawaii.
July 19, 1974.

Philip D. Bogetto, Honolulu, Hawaii, for plaintiff.

George Pai, Atty. Gen., State of Hawaii, Peter J. Levinson, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

MEMORANDUM DECISION OF
DEFENDANTS' MOTION
TO DISMISS

PENCE, Chief Judge.

Act 185, effective January 1, 1974, now HRS §§ 11–206(b)(1)(E) and (b)(2)(E), while limiting the amount of money a political candidate may expend in any given election, also sets further limits on how much of that money he may spend in the news media. Plaintiff, a political candidate, seeks both injunctive relief and a declaratory judgment that the limitation on use of the news media violates the First and Fourteenth Amendments. A three-judge court was demanded.

The defendants (State) have moved to dismiss for failure to state a claim upon which relief can be granted. The motion has been briefed and argued.

■ While this is only a ruling on a motion to dismiss, this court is not restrained from expressing its preliminary views on the underlying issue. Although it is clear that legislatures may pass laws to regulate elections, the procedures and requirements adopted to secure adherence to a particular Act are subject to judicial scrutiny. In ACLU v. Jennings, 366 F.Supp. 1041 (D.C.D.C. 1973), a three-judge court struck down Title I of the Federal Election Campaign Act of 1971. The case of United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973), here cited by the State, is not to the contrary. There the Supreme Court simply reaffirmed the constitutionality of the Hatch Act, which prohibits federal employees from actively participating in federal elections. The interest in a non-politicized civil service was deemed paramount. Nothing in that case stands for the proposition that there are no limits on the legislative regulation of elections.

The purpose behind the limitation on expenditures provision in Act 185 is to permit potential candidates of limited means to seek public office. As elo-

**1402**

quently stated in the Standing Committee Report No. 666 (April 5, 1973), there must be an implementation of the "principle of equality of opportunity to participate in the political process." This is a noble objective. But this objective is fulfilled by the limitation on *total* campaign expenditures of § 11–206(a). Subsection (b) which limits expenditures on advertising in newspapers, magazines, radio and television, is superfluous.

While some rational basis for this additional limitation might be uncovered, when, however, a law infringes on free speech more than simply a rational basis is required to uphold it. At times the Supreme Court has distinguished between political speech and commercial speech, e. g., Valentine v. Chrestensen, 316 U.S. 52, 62 S.Ct. 920, 86 L.Ed. 1262 (1942). Certainly, in the quantum thereof alone, subsection (b) infringes political speech.

The mere fact that a political announcement may be purchased in a news media cannot force it into a category of lower grade protection; rather, the distinction is between speech with a purpose that is substantially profit-motivated and speech with a purpose that is largely informational, or non-commercial. New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), supports this distinction. That case involved statements in a full-page advertisement in the Times. The Court held that "if allegedly libelous statements would otherwise be constitutionally protected from the present judgment, they do not forfeit that protection because they were published in the form of a paid advertisement." *Id.*, at 266, 84 S.Ct. at 719.

United States v. O'Brien, 391 U. S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), established the appropriate test to judge the limitation on media expend-itures: a governmental regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restrictions on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest. Act 185 satisfies the first three criteria: the Hawaii legislature may constitutionally regulate its elections; keeping political channels open to people of limited means is a noble goal; and the Act was not intended to suppress free expression. But the Act fails to satisfy the fourth criterion.

The restriction of subsection (b) of the Act on First Amendment freedoms on its face would appear greater than necessary to promote the principle of equality of opportunity to participate in the political process. This interest would appear to be amply protected by the limitation on *total* campaign expenditures by § 11–206(a). The additional limitation of subsection (b) on expenditures for advertising appears to be an unjustifiable infringement of First Amendment freedoms.

The motion to dismiss is denied, but without prejudice, for the reasons following:

The State has argued, without supporting facts, that the limitation on campaign expenditures to the media is necessary to promote the principle of equality of opportunity to participate in the political process. While this court doubts that any such validating facts can be developed, the State is given until August 9, 1974 to do so. If a hearing is necessary, the same will be held shortly thereafter at the convenience of court and counsel, for consideration of the State's evidence, if any, as well as any other motions that may be filed.