Andrew R. Tyler, J.
This is an action by a public official for libel, and invasion of privacy under sections 50 and 51 of the Civil Rights Law arising from the publication of an adver *58 tisement which appeared in the New York Times on February 25, 1973. The advertisement was prepared by the defendant, Scali, McCabe, Sloves, Inc. (Scali) under agreement with the defendant The Village Voice, Inc. (Voice) for the purpose of promoting sales of the New York newspaper known as The Village Voice. The advertisement depicted plaintiff in caricature under a headline “ The judge bawled out the cop. And let the pusher go free.” It contained statements pertaining to articles concerning the plaintiff which appeared in several publications of The Village Voice and which generally criticized his integrity in the performance of his duties as a Justice of the Supreme Court in certain criminal cases. It described the plaintiff as 4 ‘ curiously lenient with heroin dealers and organized crime figures. Very tough on long-haired attorneys, black defendants, on questions like bail, probation, and sentencing.” It acclaimed the newspaper for resourcefulness and initiative in reporting and contained subscription coupons printed at the bottqm to be used to buy The Village Voice.
The defendant Voice has interposed affirmative defenses asserting that the material described in the advertisement is of public interest, was published in good faith in the reasonable belief that it was true, without malice, and is constitutionally privileged.
The plaintiff claims the advertisement is purely commercial and moves to dismiss the defenses upon the ground that constitutional privilege with respect to public officials is not afforded to purely commercial material, and upon the further ground that the advertisement portrayed the caricature of the plaintiff for trade purposes without his consent and thereby violated his right of privacy under sections 50 and 51 of the Civil Rights Law. The plaintiff also urges that the defenses of truth and privilege are not sufficiently stated.
The defendant Scali has similarly interposed a defense that the material was prepared by it without malice and in good faith in the belief that it was true and privileged under the Constitution of the United States.
The plaintiff moves to dismiss Scali?s 'defense upon the grounds that the material Scali prepared was a commercial advertisement not constitutionally privileged.
In support of their contentions, the defendants urge, inter alia, that the advertisement is an editorial of news items protesting official action rather than plain commercial activity in nature, and therefore is constitutionally privileged under the First Amendment to the United States Constitution. They further *59 contend that plaintiff has not shown evidence of actual malice in the libel cause of action and that recovery in the second cause of action under the Civil Eights Law is limited by the requirement that statements concerning a public figure must demonstrate that the publication was materially and knowingly falsified, or was uttered with reckless disregard for the truth. The defendants cross-move for summary judgment upon grounds, inter alia, that the plaintiff has not offered proof of knowledge of falsity or reckless disregard as to the truth, and that the complaint fails to particularize the alleged libel as required by CPLB 3016 (subd. [a]).
The first contention by plaintiff is that the constitutional guarantees of freedom of speech and of the press normally accorded to news media are inapplicable here, at least so far as Voice is concerned, because the allegedly libelous statements were published as part of a paid 1 ‘ commercial ’ ’ advertisement. It is well recognized that editorials on the dissemination of news are constitutionally protected. This is so, even if the editorial contains a protest against certain official actions. However, there is a distinction between a “ commercial ” message and a protest against certain official actions. If the protest message has been added to the “ commercial ” message, it does not serve to purify the publication but becomes tainted and takes the form of an effort to evade the law. (Valentine v. Chrestensen, 316 U. S. 52.) A publication is not “ commercial ” when it communicates information, expresses opinion, recites grievances, protests claimed abuses, and seeks financial support of its activities. (New York Times Co. v. Sullivan, 376 U. S. 254, 266; see N.A.A.C.P. v. Button, 371 U. S. 415, 435.) The rationale for concluding that an advertisement is not “ commercial ” is based upon the need to provide an important outlet for the promulgation of information and ideas by persons who do not themselves have access to publishing facilities — who wish to exercise their freedom of speech even though they are not members of the press. (New York Times Co. v. Sullivan, supra; cf. Lovell v. Griffin, 303 U. S. 444, 452; Schneider v. State, 308 U. S. 147, 164.) In other words, criticism of a Judge such as here, even if based upon half-truths and misinformation is constitutionally protected, as long as the statements are not embodied in a “ commercial ” advertisement. (New York Times Co. v. Sullivan, supra, p. 273; cf. Bridges v. California, 314 U. S. 252; Pennekamp v. Florida, 328 U. S. 331.)
A fair reading of the defendants’ publication reveals that it is clearly intended to solicit continuing readership of The Village *60 Voice newspaper. This solicitation is confirmed by the inclusion of coupons in the advertisement stating “ a year’s subscription (52 issues) to the Village Voice, I enclose $7.” The coupons show a domestic subscription rate of $12 for two years, $16 for three years and $8 for a foreign subscription. The addition of a protest message to the subscription coupons criticizing the performance of the plaintiff in his official duties does not serve to purify the publication but takes the disguised form of an effort to evade the law and thereby infects its constitutional protection (Valentine v. Chrestensen, 316 U. S. 52, supra). Moreover, the defendant Voice, having access to its own publishing facilities, does not need to use the New York Times for the promulgation of information and ideas. It is not deprived of the right to exercise freedom of speech normally accorded to members of the press, since by its very nature it is possessed with its own important outlet for publication (New York Times Co. v. Sullivan, supra). Thus, the statements made in the advertisement while ordinarily protected even if they were half-truths or based upon misinformation, are not privileged when embodied in a commercial advertisement (New York Times Co. v. Sullivan, supra). Accordingly, the third defense of the defendant Voice, relying upon this protection, and the defense of the defendant Scali consonant therewith, are fatally deficient and must be stricken.
The plaintiffs urge that the first and second defenses contain a general statement, without facts, that the allegations in the advertisement were published without malice, in good faith, and in the belief that the same were true and with reasonable cause for such belief. A general allegation charging a person with something that is libelous per se cannot be successfully answered by a general allegation in the answer that the charge is true. A statement in the answer that the words are true would not be a justification; it is a statement of nothing. It is a simple repetition of the libel. (See Wachter v. Quenzor, 29 N. Y. 547, 552.) The reason for the rule is that it does not give to the plaintiff any clue of what the defendant intends to prove upon the trial. The answer should set forth the facts upon which it is alleged that the allegations of the complaint are type. (Bingham v. Gaynor, 203 N. Y. 27, 34.) The answer of the defendants does not set forth the facts.
As to the cause of action based upon sections 50 and 51 of the Civil Eights Law, the court is cognizant that the privacy of every individual is protected under the statute in that the name, portrait or picture of a living person may not be used for advertising or trade purposes without that person’s prior written *61 consent (§ 50). The offended person may sue for injunctive, compensatory and exemplary damages (§ 51). The statute, however, affords little protection to a newsworthy person unless the report or article is fictitious. No healthy interest is preserved by protecting dissemination of fiction. (Time, Inc. v. Hill, 385 U. S. 374, 387.) The constitutional protections for speech and press preclude the application of the New York statute to redress false reports of public interest, unless there is proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth. (Time, Inc. v. Hill, supra, pp. 387, 388.) Calculated falsehood enjoys no immunity in cases of alleged defamation of a public official concerning his official conduct. (Time, Inc. v. Hill, supra, pp. 389, 390.)
The use of the name, portrait or picture of a living person in truthfully recounting or portraying an actual current event is not proscribed by section 51 of the Civil Bights Law. The same is true with reference to a past newsworthy event if it bears some relationship to the current event portrayed. (Hill v. Hayes, 18 A D 2d 485, 490, affd. 15 N Y 2d 986.) However, if it can be clearly demonstrated that the newsworthy item, even if true, is presented, not for the purpose of disseminating news, but rather for the sole purpose of increasing circulation, then the rationale for exemption should not apply. Consequently, a defense of qualified privilege is not a defense where it is demonstrated that the article was published for the sole purpose of enhancing sales. (Hill v. Hayes, supra, p. 491.) The solicitation of subscriptions contained in the advertisement evinces a clear purpose of enhancing sales. The commercial message taints the publication as a disguised effort to evade the law. (Valentine v. Chrestensen, supra.)
The moving and opposing papers contain an ample description of the underlying criminal cases upon which the news stories were based, from which the questionable advertisement was drawn. The contention by defendants that the complaint fails to particularize the libel is without merit since a complete copy of the allegedly libelous material is attached to the complaint as an exhibit. Notwithstanding the efforts of the litigants to be incisive and to elicit an expeditious remedy, the number of factual issues raised as to the truthfulness of the stories or their malicious use, are so sharp and diverse as to make summary disposition incapable. For example, whether the reporter for The Village Voice observed elemental standards of journalism is not determinable at this juncture since those standards are not *62 clearly explained, nor can the truthfulness or malice of statements or knowledge thereof be readily ascertained from reading the papers.
Upon the foregoing, the motion in chief is granted by striking the defenses of defendant Voice, with leave to serve an amended answer within 20 days after service of a copy of the order to be entered hereon, with notice of entry, reasserting the second defense containing a statement of ultimate facts supporting the contention that the advertisement was published without malice (Bingham v. Gaynor, 203 N. Y. 27, 34, supra).
The defense of the defendant Scali is dismissed and the cross motions are denied in all respects.