AD–EXPRESS, INC., et al.,
Plaintiffs-Appellants,

v.

John F. KIRVIN, Supervisor of the Town of Rotterdam, New York, et al., Defendants-Appellees.

No. 550, Docket 74–2471.

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1974.

Decided March 19, 1975.

**196**

Gerard A. Dupuis, New York City (Miller & Summit, New York City, on the brief), for plaintiffs-appellants.

Michael J. Volpe, Rotterdam Town Atty., Schenectady, N.Y., for defendants-appellees.

Before FRIENDLY, TIMBERS and GURFEIN, Circuit Judges.

## PER CURIAM:

This appeal presents again a slight variation of the oft-litigated issue of whether a municipality may regulate the distribution of commercial advertising without infringing rights guaranteed by the First and Fourteenth Amendments.

The issue here arises in the context of a judgment entered November 6, 1974 in the Northern District of New York, James T. Foley, *Chief Judge,* dismissing, for failure to state a substantial federal claim, a complaint that challenged on federal constitutional grounds [1] an ordinance of the Town of Rotterdam, New York, which prohibits distribution of advertising or samples to homes without the prior consent of the occupants. For the reasons below, we affirm.

Appellants are engaged in the business of distributing printed advertising materials and samples. They package and leave these materials and samples in plastic bags attached to the door knobs of homes or tied to rural delivery mail boxes. Appellees are officials of the Town of Rotterdam responsible for enforcement of the ordinance involved.

The ordinance prohibits, without the prior written consent of the occupant of the home, the leaving of advertising materials or samples at any home within the Town of Rotterdam, whether left in a hanging bag or otherwise. The ordinance does not apply to distribution of advertising through the United States Postal Service, to distribution of newspapers of general circulation, or to distribution by charitable or non-profit organizations. [2]

1. The complaint alleged that the ordinance violated plaintiffs' rights to freedom of speech and press under the First and Fourteenth Amendments and their due process and equal protection rights under the Fourteenth Amendment.

2. The ordinance, enacted by the Town Board of the Town of Rotterdam as Local Law No. 13 for the year 1974 and made effective September 10, 1974, provides in relevant part as follows:

"Section 1. It shall be unlawful for any person to leave hanging any kind of bag or bags containing advertising materials or samples, or to distribute advertising material or samples at a home located within the Town

With respect to appellants' claim that the ordinance violates their rights to freedom of speech and press, we believe the point of departure is Valentine v. Chrestensen, 316 U.S. 52 (1942). There the Court first said that, while states and municipalities may appropriately regulate the privilege of using the streets to communicate information and disseminate opinion, they may not unduly burden or proscribe the employment of that privilege in public thoroughfares. The Court then went on to say:

> "We are equally clear that the Constitution imposes no such restraint on government as respects purely commercial advertising. Whether, and to what extent, one may promote or pursue a gainful occupation in the streets, to what extent such activity shall be adjudged a derogation of the public right of user, are matters for legislative judgment." 316 U.S. at 54.

See Pittsburgh Press Co. v. Pittsburgh Commission On Human Relations, 413 U.S. 376, 384–87 (1973).

We hold that, since the Constitution imposes no restraint on government with respect to purely commercial advertising in the public streets, it is a fortiori true when it comes to protecting householders from acts of trespass.

We have carefully considered appellants' claim that the ordinance goes beyond prohibiting the dumping of advertising material on homes in that its prohibition against bags apparently would apply to bags which contained political leaflets, for example, as well as advertising materials or samples. We are not persuaded that any significant First Amendment interest is infringed by an enactment that permits political leaflets and the like to be distributed free on their own while denying the authors the privilege of enclosing them in a bag containing advertising materials or samples. In *Valentine* the Supreme Court was confronted with an analogous contention by the advertiser "that, in truth, he was engaged in the dissemination of matter proper for public information, none the less so because there was inextricably attached to the medium of such dissemination commercial advertising matter." 316 U.S. at 55. The Court's rejection of that contention in *Valentine* strikes us as even more compelling here: "If that evasion were successful, every merchant who desires to broadcast advertising leaflets in the streets need only append a civic appeal, or a moral platitude, to achieve immunity from the law's command." *Id.* And while the language in cases such as Martin v. Struthers, 319 U.S. 141 (1943), is indeed broad, its applicability clearly is restricted to persons like the appellant in that case, a Jehovah's Witness who was espousing particular ideas without any commercial element.

With respect to appellants' claim that the ordinance violates their equal protection rights because of the exemptions provided for in Section 2, we believe it is sufficient to note the obvious—that the Town of Rotterdam could not regulate what may be distributed through the United States Postal Service; that most newspapers of general circulation are distributed on a subscription basis, making the exemption at worst unnecessary; [3] and that there is a rational basis for distinguishing between advertising materials distributed for

---

of Rotterdam, New York, other than the home of the person soliciting the same, by placing such material at the home or on the property of the person owning or occupying such home, unless the person distributing such advertising material or samples obtains the written consent of the person occupying the home.

Section 2. The foregoing provision shall not apply to the distribution of advertising materials through the U.S. Postal Services. The provision of this ordinance shall not apply to the distribution of any newspaper of general circulation nor to materials distributed by charitable or non-profit organizations."

3. In the rare case where a newspaper is distributed gratis, it stands on a different First Amendment basis than advertising materials.

profit and materials distributed by charitable or non-profit organizations.

■ Finally, we hold that appellants' due process claim is foreclosed by Breard v. Alexandria, 341 U.S. 622, 629–33 (1951).

We vacate the stay against enforcement of the ordinance which we entered earlier pending appeal.

Affirmed.