Jones, J.
(dissenting). In my view the present record does not provide an adequate basis for a determination of the constitutionality of the ordinance, facially or as applied, under which defendant has been convicted.
For present purposes the ordinance^ forbids the distribution of commercial handbills in any street or public place in the City of New York. On my analysis it is useful first to identify certain constitutional precepts which I think relevant. In the first place, while the situation was formerly otherwise (e.g., Valentine v Chrestensen, 316 US 52), the Supreme Court has now held that commercial speech is not wholly outside the protection of the First and Fourteenth Amendments (Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748; Bigelow v Virginia, 421 US 809). Secondly, the distribution of literature, pamphlets and handbills to persons willing to receive them is a protected form of expression and accordingly any absolute prohibition is unconstitutional (e.g., Talley v *535 California, 362 US 60; Lovell v Griffin, 303 US 444). Finally, regulation of the right of expression (e.g., as to time, manner, or place) is permissible, provided that the restrictions thereon "serve a significant governmental interest, and that in so doing they leave open ample alternative channels for communication of the information”. (Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748, 771, supra.)
The first of these precepts, obviously applicable to our present inquiry, precludes a summary rejection of defendant’s challenge on the ground that the material distributed by him was a form of commercial speech and thus outside the scope of First Amendment protection. Rather, the constitutionality of the ordinance under scrutiny must turn on analysis of the second two precepts, thus presenting the question whether this ordinance would effect an absolute prohibition of a constitutionally protected means of expression (e.g., handbilling), and is thus unconstitutional, or whether it rather represents a permissible regulation of such activity and is thus constitutional. In determining whether the ordinance constitutes a prohibition or a regulation, it serves first to recognize that by the threshold definition of the category of communication activity to be used as the frame of judicial reference the issue as to prohibition or regulation may largely be predetermined. That is, any regulation may literally be characterized as a prohibition to the extent of its proscriptive effect. Thus, in the present instance, if the communication category be defined as "handbilling”, evidently the present ordinance would not operate as an absolute prohibition, for its bar extends only to commercial handbilling; there is no restriction whatsoever as to the distribution on the streets of New York of noncommercial handbills. On the other hand, if the category of reference be defined as "commercial handbilling” then the ordinance lays down what amounts practically to a total prohibition.
In my view, the communication category within which the present ordinance must be judged is "handbilling” (cf. Talley v California, 362 US 60, supra; Jamison v Texas, 318 US 413; Schneider v State, 308 US 147; Hague v CIO, 307 US 496; Lovell v Griffin, 303 US 444, supra). From this perspective, because this ordinance does not entirely prohibit such activity, it is properly to be classified as regulatory rather than prohibitory.
*536 There remains then the crucial issue—can it be concluded that the restrictions imposed by this ordinance serve a significant governmental interest and also make allowance for sufficient alternative channels for communication (Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748, 771, supra)?
Whether these requirements are met cannot be determined on the record before us. When this case was tried the parties and the Trial Judge all understandably regarded Valentine v Chrestensen (supra) as authority for the proposition that commercial speech was not protected under the First Amendment. The controversy at nisi prius appears to have centered on contentions by defendant that, because he had no financial stake in these jazz concerts, his activities did not fall within the proscription of the ordinance and in any event that the advertising of any jazz concerts was noncommercial speech and thus entitled to First Amendment protection. The record was made on the assumption that these were the determinative issues. So far as appears from this record, defendant did not—and, since Virginia Pharmacy Bd. had not yet been handed down, would not have had reason to—challenge either the existence of a sufficient governmental interest justifying a regulatory ordinance or the availability of other means of dissemination of the information sought to be communicated. Nor did the city ever address what subsequently have been identified as the dispositive issues. The trial court likewise addressed neither of these issues but sustained the ordinance on the authority of the now discredited Valentine case. As already noted, under the Virginia Pharmacy Bd. decision very much more is now required to sustain the constitutionality of a local ordinance that regulates the distribution of commercial handbills against a challenge that the ordinance abridges First Amendment rights.
Since, in my view, the present record is wholly inadequate to resolve the question of constitutionality as now formulated by the Supreme Court, the case should be remitted for development of proof as to whether the requirements delineated in Virginia Pharmacy Bd. can be met.