**UNITED STATES POSTAL SERVICE**
v.
**Robert BEAMISH, d/b/a Natural Products, Appellant.**
No. 72–1330.
United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 1, 1972.

Decided Sept. 1, 1972.

---

David L. Ficksman, Bass & Ullman, New York City, for appellant.

Herbert J. Stern, U. S. Atty., James B. Smith, Newark, N. J., for appellee.

Before SEITZ, Chief Judge and VAN DUSEN and GIBBONS, Circuit Judges.

OPINION OF THE COURT

SEITZ, Chief Judge.

Defendant appeals an order of the district court perliminarily enjoining delivery of certain mail to defendant's Newark, New Jersey postal address.

Robert Beamish ("the defendant"), operating as Natural Products, manufactures products under the trade name "Seacreme." Purchases are solicited through mail order advertising whereby defendant represents Seacreme products as effective in eliminating excess body fat. On January 13, 1972, postal authorities placed an order with defendant by mail and authorized that tests be made on the merchandise received. The Seacreme products were compared against defendant's advertising and it was determined that they were "absolutely . . . worthless as a cure or treatment for obesity and [that] the advertising claims made for them [were] grossly false and irrational." An administrative proceeding was commenced on February 22, 1972, charging defendant with seeking and receiving remittance of money through the mails by means of false representations. See 39 U.S.C. § 3005. Under § 3005 the Postal Service could, if successful, require defendant to return all unfilled orders for Seacreme products and prevent defendant from negotiating any postal money orders accompanying such orders.

The Postal Service realized that the administrative proceeding would not reach completion for approximately 90 days. Pending completion the Service had no autonomous authority to direct that defendant desist from accepting orders or make restitution to interim purchasers. The Service therefore sought and obtained, pursuant to 39 U.S.C. § 3007, a preliminary injunction preventing the Newark postmaster from delivering to defendant any new orders for Seacreme products. The injunction did not affect orders from prior Seacreme con-

sumers. Defendant appeals the preliminary injunction on several grounds.

■ First it is contended that the injunction fails for want of a showing by the Postal Service of irreparable harm. According to defendant the general rule applicable to the issuance of preliminary injunctive relief here applies requiring both a showing of irreparable interim harm should an injunction not issue and a finding by the court to that effect. See Sims v. Greene, 161 F.2d 87 (3d Cir. 1947). We might agree with defendant were it not for the express language of § 3007 which authorized the preliminary injunctive relief here granted. Section 3007 provides that "the United States district court . . . shall . . . upon a showing of probable cause to believe [that § 3005] is being violated, enter a temporary restraining order and preliminary injunction pursuant to rule 65 of the Federal Rules of Civil Procedure . . . ." The legislative history of the section is silent as to its intended interpretation. However, it appears that its controlling substantive standard is restricted to the probable cause showing of a § 3005 violation. We think that the reference to Rule 65 intends merely to delineate the procedural mechanics applicable to the hearing on probable cause, the notice requirements and the form of the order. It does not suggest incorporation into § 3007 of the common law standards, including that of irreparable harm, typically required of preliminary injunctions issued on the strength of Rule 65 alone.

■ Defendant correctly points out that analysis of § 3007, involving as it does interference with defendant's use of the mails, necessarily requires due consideration of First Amendment freedoms. Cf. FTC v. Sterling Drug, Inc., 215 F.Supp. 327, 333 (S.D.N.Y. 1963). See also Lamont v. Postmaster General, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965). Defendant does not suggest, however, that the presence of First

Amendment considerations precludes action against those seeking to delude the public by means of false commercial advertising. Cf. Valentine v. Christensen, 316 U.S. 52, 62 S.Ct. 920, 86 L.Ed. 1262 (1942). Advertisers possess no constitutional right to disseminate false or misleading materials. Therefore, Congress has the power to prohibit such deception through appropriate legislation. Cf. Lynch v. Blount, 330 F. Supp. 689, 693 n. 5 (S.D.N.Y. 1971). We do not think that § 3007, in view of its restricted application to situations strongly suggestive of consumer fraud, establishes procedures which unduly abridge defendant's First Amendment freedoms relating to his use of the mails. We do feel that due respect must be accorded defendant's constitutional rights by requiring the Postal Service to meet clearly its burden under § 3007 of demonstrating probable cause of a § 3005 violation. However, here that burden was met by the affidavit of the Service's expert developing his ultimate conclusion, uncontradicted by defendant, that the advertising claims extolling Seacreme products were "grossly false and irrational."

■ Defendant's contentions to the contrary, the injunction did conform to the requirements of Rule 65(d) and was appropriately tempered to maintain the status quo between defendant and the public until completion of the administrative proceeding. It enjoined only the acceptance by defendant of new orders for Seacreme products and the negotiation by defendant of postal money orders accompanying these initial purchase requests. We recognize the temporary hardship which the order imposes on defendant's business. However, we nevertheless conclude that, in view of the potential number of consumers irretrievably affected by defendant's allegedly misleading advertisements, the preliminary injunction which issued was proper.

The order of the district court will be affirmed.