**UNITED STATES of America, and United States Postal Service, Plaintiffs,**

**v.**

**OUTPOST DEVELOPMENT CORP., dba Lydia Feldman Methods, Defendant.**

**Civ. No. 73–16–FW.**

United States District Court,
C. D. California.

Aug. 28, 1973.

**400**

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Stanley Fleishman, Fleishman, McDaniel, Brown & Weston, Hollywood, Cal., for defendant.

Before CARTER, Circuit Judge, and EAST and WHELAN, District Judges.

WHELAN, District Judge:

In this action plaintiffs seek a preliminary injunction directing the detention of defendant's incoming mail involving orders and money mailed by members of the public to defendant in response to defendant's advertising hereafter described by the Postmaster pending the conclusion of a statutory administrative proceeding under 39 U.S.C. § 3005 and any appeal therefrom. The provisions of 39 U.S.C. § 3007 under which plaintiffs seek relief provide that such injunction may issue where there has been a showing before the court that there is probable cause to believe that 39 U.S.C. § 3005 is being violated. Defendant has filed an answer and a cross-complaint by which it contends that 39 U.S.C. § 3005 and 39 U.S.C. § 3007 are unconstitutional and that this Court should not issue any injunction directing the detention of mail but rather should enjoin the Postmaster from proceeding with the administrative hearing. This Court has jurisdiction as a three-judge Court under 28 U.S.C. § 2282 and under 28 U.S.C. § 1339 and 39 U.S.C. § 3007.

Section 3005 in pertinent part provides that upon evidence satisfactory to the Postal Service that any person is engaged in conducting a scheme or device for obtaining money or property through the mail by false representations, the Postal Service may issue an order which

(1) directs the Postmaster of the Post Office at which mail arrives, addressed to such person, to return such mail to the sender appropriately marked as in violation of this section, if the person is first notified and given reasonable opportunity to be present at the Post Office to survey the mail before it is returned to sender, and

(2) forbids the payment by a Postmaster to the person of any money order or postal note drawn to the order of such person and provides for the return to the remittur of such sum.

The proceeding initiated by the Postal Service to determine whether or not defendant is violating Section 3005 has not been concluded.

Before the convening of a three-judge Court, the single judge had issued an injunction pursuant to the provisions of 39 U.S.C. § 3007 but stayed the execution of the injunction pending the hearing and determination of case by the three-judge Court.

This action came on for hearing before this Court upon cross-complainant's motion for preliminary injunction. At the hearing it was stipulated by the parties that the hearing constitutes a trial upon the merits. Thus the case is now before this Court on the application of plaintiffs for an injunction detaining defendant's before-described mail pending the determination of the Section 3005 proceeding and on the application by cross-complainant for an injunction enjoining the holding of such proceeding.

There was received in evidence at the trial a copy of defendant's advertising brochure and a copy of a small booklet entitled "My Secret". The parties respectively offered in evidence affidavits,

but the Court considers that the affidavits other than the affidavit establishing that defendant's advertising material has been mailed through the United States mails, are immaterial to the issues before it. After oral argument supplementing written argument theretofore filed by the parties, the cause was submitted for decision.

This Court finds that the advertising utilized by defendant advertises a product, i. e., a tonic, even though the customer responding to defendant's solicitation receives in return for his money the booklet entitled "My Secret". The advertising material of defendant was mailed through the United States mails.

■ ■ We shall first consider defendant's contentions respecting Section 3005. Section 3005 is not unconstitutional when, as here, defendant has made false representations concerning a product. Defendant's contention that the advertising advertises a booklet is without merit, for a fair reading of the advertising is to the contrary. It is already established that the First Amendment does not protect such a scheme to defraud. Lynch v. Blount, 330 F.Supp. 689 (S.D.N.Y.1971), aff'd, 404 U.S. 1007, 92 S.Ct. 673, 30 L.Ed.2d 656 (1972); United States Postal Service v. Beamish, 466 F.2d 804 (3d Cir. 1973). Defendant's contention that Section 3005 violates the First Amendment in that it does not provide for a prior judicial adjudication and does not require the United States to take the initiative promptly in such a proceeding in which the Government has the burden of proof is also without merit. Lynch v. Blount, supra. Thus, defendant and cross-complainant is not entitled to an injunction enjoining the holding of the Section 3005 proceeding.

Next we consider whether or not Section 3007 is in violation of defendant's First Amendment rights in that an injunction granted pursuant to such section would be in force pending the determination of the Section 3005 administrative proceeding and would thus detain defendant's incoming mail sent in response to defendant's advertising prior to the time of an administrative decision concerning the advertising. Initially it should be noted that such a statutory scheme as is encompassed by Section 3007 is not novel in nature. The provisions of the Taft-Hartley Act, 29 U.S.C. Sections 160(j) and 160(l), specifically give to a District Court jurisdiction to issue a preliminary injunction at the request of the National Labor Relations Board or its regional counsel or other officer, enjoining labor practices complained of to the National Labor Relations Board as being illegal or reasonably believed by its such officer or counsel to be illegal after investigation pending the determination by the National Labor Relations Board as to whether the activity complained of in fact constitutes an illegal activity.

■ Where an injunction is sought under Section 3007, a showing must be made to the Court that there is probable cause to believe that the person against whom the detention order is sought is violating the provisions of Section 3005. This showing is analogous to the showing that must be made to the Court to justify the issuance of a Taft-Hartley injunction.

In more general terms, the Congress of the United States has given to the Federal Communications Commission the authority to issue "such orders, not inconsistent with this [Act] as may be necessary in the execution of its functions", 47 U.S.C. 154(i). The Supreme Court of the United States has held that under such grant of authority the Federal Communications Commission has the right to prohibit the expansion of a cable TV system in areas in which the cable TV company involved had not operated prior to a stated date pending hearings on the merits of the complaint by a TV broadcasting company that such cable TV company had inconsistently with the public interest adversely affected the TV company station in the areas covered by the temporary order against expansion issued by the Commission. United States et al. v. Southwestern Ca-

ble Company, et al., 392 U.S. 157, 88 S. Ct. 1994, 20 L.Ed.2d 1001 (1968).

Certainly if the Federal Communications Commission has the power to enjoin in the interest of maintaining the status quo it would seem clear that the District Court may likewise so act.

■ ■ This Court agrees with the holding of the Court of Appeals for the Third Circuit in United States Postal Service v. Beamish, supra, and the holding of the Court of Appeals for the First Circuit in United States of America and United States Postal Service v. International Term Paper, Inc., 477 F.2d 1277, decided May 3, 1973, that an injunction may be secured by the United States under the provisions of 39 U.S.C. § 3007 detaining the mail of one where there has been a slowing of probable cause that such person is violating the provisions of 39 U.S.C. § 3005. Thus we hold that Section 3007 is not unconstitutional as applied to the circumstances of this case. We read Blount v. Rizzi, 400 U.S. 410, 91 S.Ct. 423, 27 L.Ed.2d 498 (1971), as being applicable to questions involving alleged obscenity, but not to alleged fraudulent schemes.

We next proceed to the question as to whether plaintiffs have made a showing that there is probable cause to believe that defendant is violating the provisions of 39 U.S.C. § 3005. It is our opinion that such a showing has been made.

A reading of the advertising when considered along with the other evidence before the Court shows probable cause to believe that the advertising does contain false representations.

The record before the Court establishes that when an order is placed with defendant for "My Secret" by the use of the order form which is a part of defendant's advertising, a copy of the booklet before-mentioned is mailed to the person placing the order.

There is probable cause to believe that defendant's scheme for obtaining money through the mail is a scheme reasonably calculated to deceive persons of ordinary prudence and comprehension. There is probable cause shown that the language of the advertising here was reasonably calculated to cause persons of ordinary prudence and comprehension to think that if the tonic mentioned in defendant's advertising was used that the person so using could eat at meal time, snack time, and party time without regret, and that meal time, snack time, and party time eating would no longer be the cause of more fat because of the protection of the body of the person using the tonic by such tonic. There is also shown probable cause that a person of ordinary prudence and comprehension would understand the advertising to mean there would be no necessity to diet to lose weight if defendant's tonic should be used and that the mere use of the tonic would cause pounds and inches to vanish from sight and vanish forever. Also there is probable cause shown that the advertising would lead a person of ordinary prudence and comprehension to believe that the use of the tonic would cause a person to lose weight regardless of the cause of the user's excess weight. The booklet of defendant, "My Secret", on the other hand, states inter alia that care should be taken with any program of weight loss and if a person is in doubt he should consult his doctor and that body metabolism is different with each individual. It also states that the person is to eat nothing between meals and that "those extra pounds won't vanish overnight."

The law is well established that it is only necessary to prove that a scheme is reasonably calculated to deceive persons of ordinary prudence and comprehension. United States v. Baren, 305 F.2d 527, 533 (2d Cir. 1962); Linden v. United States, 254 F.2d 560, 566 (4th Cir. 1958). In the instant case there is probable cause that the advertising is deceptive and misleading as against defendant's contention that what is advertised by defendant's advertising is a book. It is noted that in no place in the advertising is it stated that "My Secret" is a booklet. The advertising circular

states "this amazing tonic which I call 'My Secret' ", and the order form states " 'My Secret'—the safest, fastest most effective fat destroyer in the world". It can hardly be said that the printed word is a fat destroyer.

Plaintiffs are entitled to an injunction as prayed for.

The foregoing constitutes the findings of fact and conclusions of law of the Court.

Judgment will be entered consistent herewith. No judgment shall be entered until after the Court has signed and caused to be filed its formal judgment.