**HOLLYWOOD HOUSE INTERNATIONAL, INC., a California Corporation, Plaintiff-Appellant,**

v.

**E. Theodore KLASSEN, Postmaster General of the United States, et al., Defendants-Appellees.**

No. 73–1355.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1974.

Barry A. Fisher (argued), Hollywood, Cal., for plaintiff-appellant.

James R. Dooley, Asst. U. S. Atty. (argued), Los Angeles, Cal., for defendants-appellees.

Before WRIGHT and WALLACE, Circuit Judges, and EAST, District Judge.*

OPINION

EUGENE A. WRIGHT, Circuit Judge:

Hollywood House published and sold by mail a booklet entitled " 'Weight-Away,' A Very Successful Grapefruit Diet." Appellees initiated proceedings against Hollywood House under 39 U.S.C. § 3005, which authorizes the Postal Service to take certain steps to deny those who engage in fraudulent advertising practices the use of the mails to further and benefit from their fraudulent schemes.

In the Postal Service administrative proceeding, the hearing examiner held that appellant's advertisements for its booklet constituted a "scheme or device for obtaining money or property through the mail by means of false representations" within the meaning of Section 3005, and recommended that an order be issued denying appellant's attempt to recover the impounded mail addressed to

* Of the District of Oregon.

it. The administrative judicial officer sustained the hearing examiner's findings of fact, and issued an order rejecting Hollywood House's contentions that the Postal Service's actions were not justified under the statute, and that the statute itself was unconstitutional both on its face and as applied to appellant's booklet.

Hollywood House then sought to enjoin enforcement of the Postal Service administrative order, and requested that a three-judge court be convened to declare Section 3005 unconstitutional as violative of the First, Fifth, Sixth and Seventh Amendments. The district court refused to convene a three-judge court, finding no substantial constitutional question had been raised, and upheld the administrative determination as based on substantial evidence. We affirm.

The constitutionality of Section 3005 was upheld in Lynch v. Blount, 330 F.Supp. 689 (S.D.N.Y.1971), aff'd, 404 U.S. 1007, 92 S.Ct. 673, 30 L.Ed.2d 656 (1972), and again in United States v. Outpost Development Corp., 369 F.Supp. 399 (C.D.Cal.), aff'd, 414 U.S. 1105, 94 S.Ct. 832, 38 L.Ed.2d 733 (1973). The appellant argues that *Lynch* and *Outpost Development* dealt with false representations of products sold through the mails, whereas the case before us involves literature, protected as free speech. We perceive no difference.

Appellants rely on Blount v. Rizzi, 400 U.S. 410, 91 S.Ct. 423, 27 L.Ed.2d 498 (1971), where the Court struck down 39 U.S.C. § 4006 (1964),[1] which provided for proceedings similar to those under Section 3005 for the seizure of remittances to panderers dealing in obscene materials. Appellants also may find support in some language in *Outpost Development, supra,* where a three-judge court specifically pointed out that "in no place in the advertising is it stated that [the product] is a booklet." 369 F.Supp. at 402. Nevertheless, *Outpost Development* con-

sidered and specifically rejected the applicability of *Rizzi* to cases involving fraudulent advertising schemes. *Id.*

Fraudulent commercial appeals are not a protected form of expression, and appellant could acquire no enforceable proprietary interest in the fruits of their publication. United States v. International Term Papers, Inc., 477 F.2d 1277 (1st Cir. 1973). *Cf.* Valentine v. Chrestensen, 316 U.S. 52, 62 S.Ct. 920, 86 L.Ed. 1262 (1942). The district court appropriately denied a preliminary injunction and concluded that the administrative findings of false representations was supported by substantial evidence. We affirm, and direct the district court to dismiss on the merits the appellant's action presently pending before it for trial.

---

1. After probable jurisdiction was noted in Blount v. Rizzi, but prior to the decision in that case, Section 4006 was reenacted in substantially identical form as 39 U.S.C. § 3006

(1970), to transfer authority from the Postmaster General to the newly-formed United States Postal Service.