# CITY OF MILWAUKEE, Plaintiff-Appellant,

## v.

# Robert H. BLONDIS, Defendant-Respondent.

### Court of Appeals

*No. 89-1702. Submitted on briefs March 6, 1990.—Decided August 21, 1990.*

(Also reported in 460 N.W.2d 815.)

For the plaintiff-appellant the cause was submitted on the briefs of *Grant F. Langley,* city attorney, by *Susan E. Lappen,* assistant city attorney, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Jeffery R. Myer,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. The City of Milwaukee (City) appeals from a summary judgment in favor of Robert H. Blondis (Blondis) declaring the statute, sec. 346.55(2), and the City's ordinance adopting that statute, No. 101-3, unconstitutional. Because the City has failed to meet its burden of showing that the ordinance/statute directly advances its substantial interest in traffic safety, and by further failing to show that the ordinance/statute is not more extensive than necessary, we affirm.

The facts in this case are undisputed. On June 20, 1987, Blondis parked his automobile on the street in the 200 block of North Water Street, Milwaukee. At the time, he had placed a "For Sale" sign in the side rear window advertising the automobile for sale. Blondis was arrested on July 24, 1987, for violating City of Milwaukee ordinance No. 101–3 adopting sec. 346.55(2), Stats., which reads in part: "**346.55 Other restrictions on parking and stopping . . .. (2)** No person shall stop or leave standing upon any highway any vehicle displayed for sale."

On April 8, 1988, in the City of Milwaukee Municipal Court, after the trial court rejected Blondis' argument that the ordinance violated his right to economic free speech, he was found guilty of the above offense and was fined $20 plus costs. The fine and costs were stayed pending appeal.

On appeal to the circuit court, Blondis formally answered the City's complaint and petitioned for declaratory relief pursuant to sec. 806.04, Stats., challenging the constitutionality of the ordinance and statute. He claimed that his rights were violated under 42 U.S.C. sec. 1983 on economic free speech grounds under the first and fourteenth amendments to the United States Constitution. Blondis then moved for summary judgment and, after a hearing, his motion was granted. Because there were no material issues of fact, the trial court declared the statute and ordinance unconstitutional on the basis that it infringed upon Blondis' economic free speech rights. The City appeals from the order granting summary judgment.

On this appeal, neither party has raised the issue that the summary judgment was not proper in this case, so we need not address that subject matter.

Section 346.55(2), Stats., was originally enacted by the legislature as sec. 85.19(5) of the 1929 statutes.[1] At that time and for a period of years, commercial or economic free speech was not protected under the first amendment. Hence, there was no restraint on state governmental acts limiting purely commercial advertising on the streets or highways.[2] The local federal courts consistently adhered to this doctrine of nonprotection for commercial speech.[3] This constitutional view was called into question by four dissenting justices in the United States Supreme Court decision of *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*.[4] The majority opinion upheld the constitutionality of an ordinance prohibiting newspapers from aiding others in the violation of employment practices.[5] The newspaper had illegally provided, in its want ads section, headings that permitted prospective employers to sexually discriminate.[6] This prior restraint was upheld solely on the grounds that aiding sexual discrimination was illegal.[7] It was, however, most emphatically rejected in the four dissents.[8] Subsequently, statutes providing prior restraints in commercial advertisements were declared an unconstitutional violation of first amendment free

[1]*See* sec. 3, ch. 454, Laws of 1929.

[2]*See Valentine v. Chrestensen,* 316 U.S. 52, 54 (1942).

[3]*See Boscia v. Warren,* 359 F. Supp. 900, 901 (E.D. Wis. 1973); *Carpets by the Carload, Inc. v. Warren,* 368 F. Supp. 1075, 1078 (E.D. Wis. 1973) (both cases citing *Valentine*).

[4]413 U.S. 376, 393–404 (1973) (Burger, C.J., Douglas, Stewart, and Blackmun, JJ. dissenting).

[5]*Id.* at 389–90.

[6]*Id.* at 388–89.

[7]*Id.* at 389.

[8]*Id.* at 393–404.

speech unless the advertisements involved illegal acts,[9] or unless they were subject to reasonable state regulation that served a legitimate public interest.[10]

At this juncture, we note that no federal or state lower courts can reject a United States Supreme Court's construction of the federal Constitution. Rather, it is the duty of inferior courts to administer the Constitution as construed by our highest court.[11]

Normally, the person attacking the constitutional validity of a statute has the burden of proving unconstitutionality beyond a reasonable doubt.[12] However, in first amendment economic free speech cases, when the speech "is not false or deceptive and does not concern unlawful activities," the burden is on the government.[13] This burden requires the government to show that the restriction it has enacted "directly advances a substantial governmental interest."[14] In this case the governmental body is the City of Milwaukee, and it must justify the constitutionality of the ordinance and statute impinging on commercial free speech. This requires the City to make a "fit" between the ends desired and the means used to reach those ends.[15] This "fit" need not be

---

[9]*Bigelow v. Virginia,* 421 U.S. 809, 818-24 (1975); *State v. Amoco Oil Co.,* 97 Wis. 2d 226, 256, 293 N.W.2d 487, 502 (1980).

[10]*Bigelow,* 421 U.S. at 826.

[11]*See South Carolina v. Bailey,* 289 U.S. 412, 420 (1933).

[12]*City of Milwaukee v. Nelson,* 149 Wis. 2d 434, 446, 439 N.W.2d 562, 566 (1989).

[13]*Zauderer v. Office of Disciplinary Counsel,* 471 U.S. 626, 638 (1985).

[14]*Id.* at 641.

[15]*Board of Trustees of State Univ. of N.Y. v. Fox,* 109 S. Ct. 3028, 3035 (1989).

perfect, but it must be reasonable, such that the means are tailored sufficiently narrow so as to achieve the desired ends.[16]

Commercial speech is speech that proposes a commercial transaction.[17] It is protected from "unwarranted governmental regulation" via the first and fourteenth amendments.[18] A review of the constitutionality of a governmental restriction on commercial speech requires the following analysis:

(1) if the speech is "commercial", *i.e.* essentially proposes no more than a commercial transaction, the speech must not be misleading and must concern a lawful activity;

(2) the government must have a "substantial" governmental interest to sustain any restriction;

(3) the regulation of commercial speech which is adopted must "directly advance" that "substantial interest"; and

(4) the restriction must not be more extensive than necessary.[19]

This test requires a balancing between the governmental interest exerted and the magnitude of the speech restriction.[20]

The City concedes that the "For Sale" sign in Blondis' auto only involved a commercial transaction

---

[16]*Id.*

[17]*Id.* at 3031; *Virginia Pharmacy Bd. v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 762 (1976).

[18]*Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of New York,* 447 U.S. 557, 561 (1980).

[19]*Id.* at 566; *Fox,* 109 S. Ct. at 3032.

[20]*See Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 502 (1981).

that was truthful and concerned an otherwise legal activity. The City argues that the trial court erred in concluding that the ordinance, and therefore the statute, was unconstitutional because the court did not correctly balance the City's substantial interest in traffic safety against Blondis' commercial speech. Blondis argues that because no other form of vehicular advertising is banned, this claimed traffic regulation of "For Sale" signs in autos is not substantial enough in the first place to withstand commercial free speech criteria.

In this case, the trial court determined that the statutory ban on "For Sale" signs in a parked or stopped automobile was an unconstitutional interference with Blondis' free commercial speech rights because, although the City has a substantial interest in traffic safety, the statute and thus the ordinance, fail to directly advance the interest asserted.

We agree with the trial court's analysis because, while the statute prevents leaving a vehicle standing on the highway with a "For Sale" sign displayed, it does not prohibit leaving a vehicle standing on a street or highway with any other advertising on it. The purpose for advertising, whether it is a yard sign, a porch sign, a sign on or in a window of a building, or a billboard sign on property adjacent to a highway, is the same as that of vehicles left standing on or off private property with advertising on them. That purpose is to momentarily distract the public using the streets and highways. All the signs discussed above serve the purpose of advertising legitimate commercial transactions by distracting drivers from going about their respective businesses. All signs and advertisements offering such sales of services, products or property distract motorists without violation of this statute or ordinance, except, according to this ordinance/statute, those signs advertising the sale of the

736

motor vehicle itself while parked on the street or highway.

Starting with the dissents in *Pittsburgh Press*,[21] and firmly reinforced by the majority in *Bigelow*,[22] commercial free speech was clearly shown to be protected by the first amendment. It is rationally incongruous to allow all the forms of commercial advertising noted above, as well as on motor vehicles, provided the advertising is not inherently for illegal purposes, whether on or off the road, while at the same time having a statute and/or an ordinance that prohibits a "For Sale" sign of the very vehicle upon which the sign sits when it is parked on the roadway. The statute and ordinance make illegal lawful activities that propose no more than a truthful legitimate commercial transaction. This is true because anyone can offer to sell their own property, in this case an automobile. Blondis' offer to sell is truthful and legal and thus is first amendment speech protected through the fourteenth amendment under the first prong of the commercial speech analysis.

The second element to be looked into is whether the government has a substantial interest to sustain any prior restraint restriction against the commercial activities herein involved. Here Blondis concedes, without considering the constitutionality of the ordinance, that the City has a valid argument that it has substantial interest in traffic safety as a valid municipal police power. Like the trial court and the parties here, we agree that traffic safety is a substantial interest of the City.

The City then argues that its substantial interest in traffic safety is directly advanced by the implementation

---

[21]413 U.S. at 393–404 (Burger, C.J., Douglas, Stewart and Blackmun, JJ. dissenting).

[22]421 U.S. 809.

of its ordinance adopting the sec. 346.55(2), Stats., proscription because it prevents drivers' distraction.

This theory was rejected by the trial court because the City failed to provide even limited incremental support of the distraction factor for the traffic safety interest it asserted.[23] It also held that the fourth criterion that the statutory ordinance restriction, to pass constitutional muster, cannot be more excessive than necessary, simply cannot be met here.

Even though it is patently obvious that "For Sale" signs on motor vehicles are distracting, we affirm the trial court's analysis on these points because the commercial activity proscribed is not misleading or illegal *per se,* and is in fact truthful and legal. Furthermore, while the government has a substantial interest in traffic safety, the distraction to other highway users here is inconsequential considering all other distracting commercial, as well as noncommercial, advertising that is not so proscribed. The law involved here therefore does not directly advance the claimed substantial interest of the municipality for motor vehicle safety. Because the restriction is disproportional and way beyond that necessary for the claimed interest of traffic safety, both the statute and the ordinance are unconstitutional violations of Blondis', and for that matter, every motor vehicle owner's, limited constitutional commercial free speech rights. The trial court's balancing of the City's traffic safety interest against Blondis' commercial speech was correct in declaring the ordinance, and thereby the statute, unconstitutional via summary judgment.

---

[23]*See Bolger v. Youngs Drug Prods. Corp.,* 463 U.S. 60, 73 (1983).

*By the Court.*—Order affirmed.

FINE, J. *(concurring).*   I concur in the result.