Robert ROSANO, as Executor of the
Estate of Mary R. Rosano,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 99–6299.

United States Court of Appeals,
Second Circuit.

Argued Jan. 17, 2001.

Decided April 6, 2001.

A. Lawrence Washburn, Jr., New York, NY, for Plaintiff–Appellant.

Marion E.M. Erickson, Tax Division, Department of Justice, Washington, DC (Paula M. Junghans, Acting Assistant Attorney General, Richard Farber, on the brief, Loretta E. Lynch, United States Attorney, Of Counsel), for Defendant–Appellee.

Before VAN GRAAFEILAND, JON O. NEWMAN & LEVAL, Circuit Judges.

VAN GRAAFEILAND, Senior Circuit Judge:

The parties do not dispute the facts, which are aptly summarized in the Report and Recommendation of Magistrate Judge Orenstein, which was adopted, with minor modifications, by Judge Seybert. *Rosano v. United States,* 67 F.Supp.2d 113 (E.D.N.Y.1999). This case concerns an attempt by the decedent, Mary Rosano, to decrease the amount of money in her taxable estate by making gifts of less than $10,000 to numerous relatives and friends. She did this by writing checks to relatives and friends. Mary Rosano died on January 21, 1990. The checks in question were not paid until after her death.

Rosano's executor did not include the amount of the disputed checks in the es-

tate. The IRS conducted an audit and increased the value of the estate by the amount of the disputed checks, resulting in an additional estate tax liability of $200,948.57. Additionally, the IRS imposed $35,349.00 in penalties plus $63,702.30 in interest. The estate paid these amounts in full, then filed a claim for a refund. The IRS denied the refund, and the estate filed the instant suit.

The case was assigned to Magistrate Judge Orenstein. Judge Orenstein stated that any gift of $10,000 or less that was "completed" prior to Mary Rosano's death should not be included in the estate. 67 F.Supp.2d at 119. The issue, therefore, was whether checks that were paid after Mary Rosano died were "completed gifts". *Id.* Federal law provides that a gift is completed when the donor has parted completely with "dominion and control" over the gift. *Id.* To determine whether Rosano parted with dominion and control, Judge Orenstein turned to New York state law. Under New York law, Mary Rosano had the ability, at any time until the checks were paid, to order that payment on the checks be stopped. Thus, she retained dominion and control over the checks at the time of her death and the gifts were not completed. *Id.* at 120–21.

■ Judge Orenstein next considered the estate's argument that the checks should be considered to have been paid on the date they were delivered by Rosano to the donees, rather than on the date they were actually paid. The estate's argument was a variation on the doctrine of "relation-back," which generally is applied in cases involving charitable donations. Under it, checks delivered to donee charities prior to a decedent's death but not paid until after the decedent's death may be considered completed on the date of delivery. *Estate of Belcher v. Commissioner*, 83 T.C. 227, 1984 WL 15603 (1984). Recently

this doctrine was extended to the non-charitable donation context, to govern whether a gift was made within a year in which it would be exempt from the gift tax, but in that case the donor was alive at the time the checks were paid. *Metzger v. Commissioner*, 38 F.3d 118 (4th Cir.1994). The estate has pointed to no court that has allowed payment to relate back to the date of delivery if the donor was deceased on the date of actual payment and the donee was not a charitable entity.

## DISCUSSION

■ The decision below correctly resolves the arguments made by appellant. We address only appellant's argument that we should apply the doctrine of relation-back to gifts made to non-charitable donees where the donor has died prior to the payment of the gifts.

The doctrine of relation-back is entirely judicially created. *See id.* at 124 (Luttig, J., dissenting). Accordingly, in evaluating appellant's argument, we have no easy recourse to legislative authority. Rather, we must evaluate the policy goals that led the courts to create the doctrine, and determine whether the goals are met by applying the doctrine in the instant case. We conclude that they are not.

Other courts have refused to apply the doctrine when the decedent died prior to payment of a non-charitable gift. *McCarthy v. United States*, 806 F.2d 129, 131–33 (7th Cir.1986); *Newman v. Commissioner*, 111 T.C. 81, 1998 WL 420689 (1998). In *McCarthy*, the court offered two reasons for its refusal to extend the doctrine of relation-back. First, a rationale for applying the doctrine in the charitable context was not present in the non-charitable context. Checks delivered by the decedent to a charity but not paid until after the decedent's death, if included in the estate, would generate a deduction for the estate.

This deduction would result in a "wash" for estate tax purposes, meaning that the estate would obtain the benefit of the charitable deduction whether or not the doctrine of relation-back was applied. For practical purposes, it makes more sense to consider the checks as outside the estate. "No such practical consideration extends to noncharitable gifts. No offsetting deduction exists for gifts made to noncharitable donees." *McCarthy*, 806 F.2d at 132. Second, the court thought that extending the doctrine would allow for improper tax avoidance: "By issuing a check to a non-charitable donee with the understanding that it not be cashed until after his death, a decedent may effectively bequest up to $10,000 per donee, thus avoiding the estate tax consequences normally attending such transactions." *Id. Accord Metzger*, 38 F.3d at 122.

We agree with the policy concerns expressed by the *McCarthy* and *Metzger* courts. Thus, we will not apply the doctrine where gifts are made to a non-charitable donee and the donor died prior to the date of payment. We express no opinion as to whether we would apply the doctrine where there is a non-charitable donee and the donor is alive on the date of payment.

■ Appellant argues that it violates the Equal Protection Clause to treat gifts made to charitable donees and non-charitable donees differently. This argument is meritless. From the first Revenue Act, Congress has consistently placed charitable and religious institutions in one class and non-charitable institutions in another. *First Nat'l Bank of Omaha v. United States*, 681 F.2d 534, 538 (8th Cir.1982). Appellant's argument would invalidate a long history of statutory distinctions. Further, this Court has consistently upheld distinctions between charitable and non-charitable entities. *E.g., Nat'l Awareness Found. v. Abrams*, 50 F.3d 1159,

1167–68 (2d Cir.1995); *Ad–Express, Inc. v. Kirvin*, 516 F.2d 195, 197–98 (2d Cir.1975). The distinction is especially warranted in the context of a "relation back" claim because of the "wash" consequence for charitable gifts, which we' have previously noted.

We have considered all of appellant's other arguments and find them to be without merit. The judgment of the district court is affirmed.